Joseph M. Conroy, J.
In the month of January, 1948 the Consolidated Edison Company, Inc., owner and general contractor, was erecting a gas plant at Hunts Point, in the city of New York. United Engineers & Constructors, Inc. were subcontractors as was the Empire City Iron Works, Inc. On January 28, 1948 one McShane, an employee of Empire, was unloading a truck and was injured when a piece of fabricated steel fell and struck him, causing him to lose his arm below the elbow and to sustain other injuries. Empire was the owner of a hand winch which was being used by the employees of United, with the permission of Empire, to raise the fabricated steel. When the steel had been lifted about 20 feet from the ground, a loud snap was heard and the handles of the winch flew out of the control of the employees of United and the steel fell to the ground and hit McShane.
Subsequently, McShane commenced an action for personal injuries against Consolidated and United, alleging “ that these defendants were negligent and careless in that they mismanaged and negligently and wantonly operated and controlled a certain derrick, hoist or lift and failed to take proper precautions and safeguards to prevent the plaintiff from being struck by a load of iron or steel which was carelessly, recklessly and wantonly being raised by the defendants, their agents, servants or employees, and further in that they failed to use the methods, custom and usage commonly employed to prevent the occurrence, and further in that they directed and caused the plaintiff to work under dangerous and unsafe conditions and failed to provide the plaintiff with a safe place to work.”
Before McShane’s action came to trial, it was settled by the payment of $49,000 to him by Consolidated and United. The insurance carrier for Consolidated and United now brings this action to recover the moneys paid in settlement of the McShane *194 suit,, upon the ground that they were passively negligent -while the defendant Empire was actively negligent, and further that the defendant Empire agreed to indemnify Consolidated. In order to succeed here, the plaintiff must show liability on the part of Consolidated and United to McShane and the reasonableness of the settlement made.
It would appear from the evidence, and I so find, that the steel was caused to fall solely by reason of a negligent and faulty weld made by an employee of Empire in the dog or pawl, which snapped when the operators of the winch paused to rest. I further find that the fault in the winch was not discoverable on reasonable inspection. I further find that Consolidated and United owed no duty to McShane, the violation of which had anything to do with the happening of the accident. There was no contributory negligence on the part of McShane and the settlement based upon the injuries was reasonable. True it is, that upon the bare allegations of McShane’s complaint, if provable, liability would exist, but this is not enough. There must be actual liability. This the plaintiff here has failed to show.
The defendant is, therefore, entitled to judgment dismissing the complaint.
Let judgment be entered accordingly.